IN THE SUPREME COURT OF THE STATE OF DELAWARE

NEIL VINCENT,[1]             §
                             § No. 171, 2025

       Respondent Below,      §

       Appellant,              § Court Below—Family Court

                             § of the State of Delaware

    v.                            §

                             § File No. CS21-02783

SAMANTHA VINCENT,      § Petition No. 21-29360

                             §

       Petitioner Below,       §

       Appellee.             §

Submitted: October 10, 2025
Decided: December 9, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

After careful consideration of the appellant's submissions and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Family Court's orders dated February 5, 2025 and March 26, 2025. The motions that the appellant filed on September 2 and 12, 2025, are denied. As to the Fidelity account, the Family Court's orders address how the account shall be divided, and the appellant has not established a reversible error on the merits. Moreover, both parties have an interest in protecting the value of the account in the interim, so the appellant has not demonstrated why he, rather than the appellee, should control the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

account until it is divided. As the Family Court observed in its July 17, 2025 order denying a similar motion that the appellant filed in that court, the appellee will be required to make account statements available for the final division to be performed.

With respect to the motion to admit documents on appeal, "[i]t is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court."[2] If this Court determined that the Family Court erroneously excluded evidence, this Court would not consider the evidence in the first instance but would remand for the trial court to consider the evidence and any response by the opposing party. But the Family Court did not abuse its discretion by excluding documents that the appellant did not produce in discovery, after he had multiple opportunities to produce the documents or explain to the court why he should not be required to do so. Thus, the motion to admit documents on appeal is denied.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[2] *Del. Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997).